# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------------------x
SHAWN CHESHIRE, *on behalf of herself, and all similarly situated individuals*,

      Plaintiff,              CASE NO.:

v.

FITNESS & SPORTS CLUBS LLC d/b/a
LA FITNESS,

      Defendant.
---------------------------------------------------------------x

## CLASS ACTION COMPLAINT

Plaintiff, SHAWN CHESHIRE (hereinafter "Plaintiff"), sues Defendant, FITNESS & SPORTS CLUBS LLC d/b/a LA Fitness (hereinafter "LA Fitness" or "Defendant"), for injunctive relief, attorneys' fees, and litigation costs, including but not limited to disbursements, court expenses, and other fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for class-wide relief pursuant to Rule 23 of the Federal Rules of Civil Procedure, and alleges:

## INTRODUCTION

1. Defendant owns and/or operates a chain of gymnasiums known as L.A. Fitness, having locations throughout the United States. LA Fitness locations include, *inter alia*, gyms located in Ft. Lauderdale, Florida,[1] Pompano Beach, Florida,[2] and Saugus, Massachusetts.[3] Each LA Fitness location is a place of public accommodation as defined by Title III of the ADA.

---

[1] 1900 SE 10th Ave, Fort Lauderdale, FL 33316.
[2] 1000 N Federal Hwy, Pompano Beach, FL 33062.
[3] 1450 Broadway, Saugus, MA 01906.

2. Plaintiff is blind. She frequents the LA Fitness locations set forth in the preceding paragraph. But as a result of Defendant's failure and refusal to adequately enforce its existing policies and procedures, as well as its failure and/or refusal to implement appropriate new policies, procedures, and auxiliary aids for the visually impaired and blind, and to otherwise comply with the ADA and ADAAG, Plaintiff cannot use any LA Fitness gym independently, and unless accompanied by a third party, she is effectively excluded from the benefits, advantages, privileges, and services offered therein.

3. Plaintiff brings this action on her own behalf, and on behalf of all blind and visually impaired LA Fitness gym users, as well as those who have eschewed LA Fitness because they could not access LA Fitness gyms independently and without risk of great bodily harm.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

5. This Court has personal jurisdiction over Defendant in this action. Plaintiff's injury occurred in this District, and Defendant transacts business in this District.

6. Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; specifically, Plaintiff encountered Defendant's ADA violations at LA Fitness gyms located in Pompano Beach, and Ft. Lauderdale, Florida.

## PARTIES

7. At all times material hereto, Plaintiff, SHAWN CHESHIRE, was and is over the age of 18 years, *sui juris*, and a resident of Broward County, Florida, which is located within this District.

8. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. In 2009, Plaintiff suffered a traumatic brain injury ("TBI") in her capacity as a first responder that eventually resulted in a complete loss of vision. Plaintiff is also a Paralympic athlete, and therefore exercises often.

9. Plaintiff regularly visits LA Fitness locations when accompanied by a companion who can provide assistance, but she cannot safely access the gym independently, because of her disability. Additionally, her access (and that of all disabled individuals) to the accessible restroom is unlawfully locked by Defendant's staff at the Pompano Beach FL, location.

10. Plaintiff intends to continue to be a member of LA Fitness, and desires to fully and <u>independently</u> partake in the benefits, advantages, and amenities offered therein. However, unless and until Defendant is enjoined from continuing its failures set forth below, she will continue to be exclude from full and equal access.

11. Defendant is a California Corporation, authorized to conduct and conducting business in the State of Florida; it is the owner and/or operator of LA Fitness gyms, including LA Fitness gyms located in this District.

## CLASS ALLEGATIONS

12. Plaintiff brings this class action on her own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

> All visually impaired or blind persons who, because of their disability, cannot independently use one or more LA Fitness locations throughout the US without risking serious injury.

13. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendant corporation.

14. The members of the Class are so numerous that joinder of all Class members is not practical. The size of the Class will be determined through discovery.

15. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, has suffered civil rights violations as a result of Defendant's continuing failure to comply with the ADA and ADAAG within its online reservation platforms.

16. Plaintiff can and will adequately protect the interests of all members of the Class and has retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interests that are contrary to the interests of the Class members in this case.

17. A class action is far superior to any other possible method for adjudicating this controversy. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendant, members of the Class, and the Courts of this District.

18. Common questions of law and fact prevail with respect to all members of the Class and predominate over questions applicable solely to individual Class members. Among such common questions of law and fact is whether Defendant has violated Federal statutory obligations by failing to comply with the ADA such that all blind and visually impaired persons are afforded fair and equal access to each LA Fitness.

19. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

20. The names and addresses of disabled individuals who have encountered Defendant's non-compliance, and who have thus been excluded from full and equal access to required accessibility

information at any LA Fitness location, is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in class action litigation, and can additionally be advertised by television, internet, radio, and other means of transmission that are likely to reach members of the Class; additionally, the existence of the Class can be broadcast to Defendant's members.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21. On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

22. In this case, Plaintiff and the class cannot navigate between exercise machines and equipment at the LA Fitness gymnasiums without risk of walking into, or tripping over, the same. Likewise, Plaintiff and the Class cannot identify weights, or machine types. Indeed, Plaintiff and the Class cannot get to any specific weight or machine without risking severe bodily injury, and in any event, have no means to identify any weight or machinery to which they have arrived.

23. The ADA defines illegal discrimination to include:

> A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the

>absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

*42 U.S.C. §12182(b)(2)(A)(iii).*

24. Auxiliary aids and services are specifically defined to include the "acquisition or modification of equipment or devices." *42 U.S.C. §12103(1); 28 C.F.R. §36.303(b).*

25. Here, acquisition of equipment needed to create accessibility is readily achievable, would not constitute an undue burden on Defendant, and would in no manner (and certainly not in a fundamental manner) alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered at LA Fitness locations.

26. For example, weights and exercise machines can be fitted with braille labels at extremely little cost, so that Plaintiff and the Class could identify weight amounts, and machine types. Likewise, tactile walking surface indicators can be installed on flooring surfaces between machines and equipment, so that the blind and visually impaired can independently navigate through the equipment.

27. In fact, and in the addition to Defendant's general obligation to acquire equipment such as that described above, the walkways between gymnasium equipment must comply with the requirements of

accessible routes,[4] and are also circulation routes,[5] upon which Defendant is specifically required by the ADAAG to install detectible warnings for the visually impaired.[6]

28. In addition, Defendant is required to implement and enforce such policies and procedures as are necessary to provide full and equal access to the disabled. Indeed, is the ADA further describes discrimination as

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

*42 U.S.C. §12182(b)(2)(A)(ii).*

29. Here, while Defendant has a policy requiring that weights be re-racked by their users, the policy is insufficiently enforced, resulting in fall and trip hazards. Moreover, at least at the Pompano Beach, FL location, Defendant's policy is to lock the accessible restroom, requiring that the disabled (unlike those without disabilities) to ask permission to use the restroom, which permission is granted, or denied, based on the independent judgment of the employee with the key (who may or may not deem the requesting person to be disabled). This is discriminatory and unacceptable.

---

[4] 2010 ADAAG **Advisory 206.2.2:** An accessible route is required to connect to the boundary of each area of sport activity. Examples of areas of sport activity include: soccer fields, basketball courts, baseball fields, running tracks, skating rinks, and the area surrounding a piece of gymnastic equipment.

[5] Circulation Path is defined by the ADAAG as [a]n exterior or interior way of passage provided for pedestrian travel, including but not limited to, walks, hallways, courtyards, elevators, platform lifts, ramps, stairways, and landings.

[6] Detectable Warning is defined as a standardized surface feature built in or applied to walking surfaces or other elements to warn of hazards on a circulation path.

30. Defendant will continue to discriminate against Plaintiff and all other blind or visually impaired LA Fitness members or prospective members who desire to access the services offered by Defendant independently, and without discrimination.

31. Plaintiff and the Class are without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that she and the Class will continue to suffer this harm unless and until Defendant is required to correct the ADA violations complained of herein.

32. Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, and the Class, including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its gym locations in accordance with the ADA and ADAAG.

WHEREFORE, Plaintiff, Shawn Cheshire, on behalf of herself and the Class, respectfully requests that this Court enter an Order as follows:

    a. Certifying the Class.

    b. Approving a form of notice to the Class as shall be deemed just and appropriate and effective by this Court.

    c. Requiring that as to every LA Fitness location utilized by any member of the Class, Defendant install braille labels on every weights and piece of gym equipment, in such a manner so as to effectively communicate the identity of the weight or equipment to the blind or visually impaired user.

    d. Requiring that as to every LA Fitness location utilized by any member of the Class, to install detectible warnings or tactile flooring between, and leading up to, all gym equipment and machinery.

e.  Requiring Defendant to effectively and consistently enforce its policy of requiring re-racking of weights not in use.

f.  Prohibiting any locking or gatekeeping function as to any accessible restroom at any LA Fitness location.

g.  Awarding Plaintiff a fee as lead plaintiff of the Class, in an amount to be determined at trial.

h.  Requiring that Defendant pay all of attorney's fees, litigation expenses, and costs, incurred in the pursuit of this litigation.

i.  Awarding all such other relief as is deemed just and equitable under the circumstances presented.

DATED this **15th** day of **August,** 2018.

Respectfully Submitted,

LAW OFFICES OF NOLAN KLEIN
*Attorneys for Plaintiff*
1 E. Broward Blvd., Ste. 1500
Ft. Lauderdale, FL 33301
PH:   (954) 745-0588
FAX:  (877) 253-1691

By: _/s/ Nolan Klein_
NOLAN KLEIN, ESQUIRE
Florida Bar. No. 647977
klein@nklegal.com
amy@nklegal.com